FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ AUG 15 2016 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NOELLA ASHWORTH and DAWN SEARS,

                        Plaintiffs,

-against-

JUDITH BOGGIO, JP MORGAN CHASE,
SETERUS, INC., FEDERAL NATIONAL
MORTGAGE ASSOCIATION, ROSICKI, ROSICKI
AND ASSOCIATES, P.C.,

                        Defendants.
-----------------------------------------------------------X

ORDER
15-CV-948 (JFB) (ARL)

JOSEPH F. BIANCO, District Judge:

     Before the Court is a Report and Recommendation ("R&R") from Magistrate Judge Lindsay, recommending that defendants' motions to dismiss be granted. The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of service of the R&R. (*See* R&R, dated July 26, 2016, at 4.) The date for filing any objections has since expired, and no objections have been filed. For the reasons set forth below, the Court adopts the well-reasoned R&R in its entirety, and grants defendants' motions to dismiss.

     Where there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); *cf.* 28 U.S.C. § 636(b)(1)(c) *and* Fed. R. Civ. P. 72(b)(3) (requiring *de novo* review after objections). However, because the failure to file timely objections is not jurisdictional, a district judge may still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent

plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although the parties have waived any objection to the R&R and thus *de novo* review is not required, the Court has conducted a *de novo* review of the R&R in an abundance of caution. Having conducted a review of the full record and the applicable law, and having reviewed the R&R *de novo*, the Court adopts the findings and recommendations contained in the well-reasoned and thorough R&R in their entirety. Accordingly, IT IS HEREBY ORDERED that defendants' motions to dimiss are granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: August 15, 2016
Central Islip, New York

Joseph F. Bianco
United States District Judge